MANDELBAUM, SALSBURG, P.C.
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
(973) 736-4600
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOCORRO MAXIMO, individually and on behalf of all other persons similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>140 GREEN LAUNDROMAT, INC., 824 GREEN LAUNDROMAT, INC., GREEN LAUNDROMAT, INC. and JAE J. KIM, jointly and severally,<br><br>                Defendants. | Case No. 14-cv-6948 (KPF) |

### DEFENDANTS' BRIEF IN OPPOSITION TO MOTION TO CONDITIONALLY CERTIFY AN FLSA CLASS AND IN SUPPORT OF CROSS-MOTION TO ENTER JUDGMENT AND DISMISS THE COMPLAINT

On the Brief
Lance N. Olitt, Esq.
Steven I. Adler, Esq.

665693

# **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS ..................................................................................................i

TABLE OF AUTHORITIES ............................................................................................ii

INTRODUCTION .............................................................................................................1

COUNTER-STATEMENT OF FACTS............................................................................1

    A.    The Offer of Judgment ..........................................................................................1

    B.    Denial of Conditional Class Certification .............................................................3

        I.    THE OFFER OF JUDGMENT FAR IN EXCESS OF WHAT PLAINTIFF COULD EVER RECOVER UNDER THE FLSA DISQUALIFIES PLAINTIFF AS A CLASS REPRESENTATIVE ....................................................5

        II.    THE COURT SHOULD OTHERWISE DENY CONDITIONAL CLASS CERTIFICATION .............................................7

CONCLUSION................................................................................................................11

# TABLE OF AUTHORITIES

Page

**Cases**

Abrams v. Interco, Inc. 719 F.2d 23 (2d Cir. 1983) ...................................................................... 6
Barfield v. N.Y.C. Health & Hosps. Corp., 867 2005 WL 3098730 (S.D.N.Y. Nov. 18, 2005) .... 9
Bifulco v. Mort. Zone, Inc., 262 F.R.D. 209 (E.D.N.Y. 2009) ....................................................... 7
Briggs v. Arthur T. Mott Real Estate LLC, 2006 U.S. Dist. LEXIS 8289 (E.D.N.Y. Nov. 14, 2006) ............................................................................................................................................. 6
Camper v. Home Quality Mgmt., Inc., 200 F.R.D. 516 (D.Md. 2000) ........................................ 10
Cent. States Se. & Sw. Areas Health and Welfare Fund v. Merck, 433 F.3d 181 (2d Cir. 2005) ... 6
Cunningham v. Elec. Data Sys. Corp., 754 F.Supp. 2d 638 (S.D.N.Y. 2010) ............................... 7
Darboe v. Goodwill Industries of Greater NY and Northern NJ, Inc., 485 F.Supp. 2D 221 (E.D.N.Y. 2007) ............................................................................................................................. 5
Doyle v. Midland Credit Management, Inc., 722 F.3d 78, 2013 WL 3242148 (2d Cir. 2013) ...... 6
England v. New Century Fin. Corp., 370 F.Supp. 2d 504 (M.D. La. 2005) ................................ 10
Fox v. Bd. of Trustees of State Univ. of N.Y., 42 F.3d 135 (2d Cir. 1994) ..................................... 6
Genesis Healthcare Corp. v. Symczyk, 569 U.S. _, 133 S.Ct 1523 (2013) ................................... 5
Guillen v. Marshalls of MA, Inc., 750 F.Supp. 2d 469 (S.D.N.Y. 2010) ....................................... 7
Laroque v. Domino's Pizza, LLC, 557 F.Supp. 2d 346 (E.D.N.Y. 2008) .................................... 10
Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y. 2006) ..................................................... 7
McCauley v. Trans Union, LLC, 402 F.3d 340 (2d Cir. 2005) ...................................................... 6
McGlone v. Contract Callers, 867 F.Supp. 2d 438 (S.D.N.Y. 2012) ........................................... 10
Mentor v. Imperial Parking Sys., Inc., 246 F.R.D. 178 (S.D.N.Y. 2007) ...................................... 7
Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010) ....................................................................... 7
N.Y. v. St. Frances Hosp., 94 F.Supp. 2d 423, 235 (S.D.N.Y. 2000) ............................................ 8
Palman v. CVS Caremark Corp., 2011 U.S. Dist. LEXIS 102338 (E.D.N.Y. Sept. 12, 2010) ...... 7
Sanchez v. JMP Ventures, LLC, 2014 WL 465542 (S.D.N.Y. January 27, 2014) ..................... 8, 9
Simon v. Doe, 463 F.Supp. 2d 466 (S.D.N.Y. 2006) ..................................................................... 6
Sosna v. Iowa, 419 U.S. 393 (1975) .............................................................................................. 5
Villaneuva-Bazaldua v. TruGreen Ltd. Partners, 479 F.Supp. 2d 411 (D. Del 2007) ................ 10
Ward v. Bank of N.Y., 455 F.Supp. 2d 262 (S.D.N.Y. 2006) ........................................................ 5

**Other Authorities**

29 U.S.C. §216(b) ...................................................................................................................... 1, 7

## INTRODUCTION

This brief is submitted on behalf of Defendants 140 Green Laundromat, Inc. ("140 GL"), 824 Green Laundromat, Inc. ("824GL"), Green Laundromat, Inc. ("GLI") and Jae Kim ("Kim") (collectively "Defendants") in opposition to the motion of Plaintiff Socorro Maximo ("Plaintiff") seeking conditional class certification under §216(b) of the Fair Labor Standards Act ("FLSA").

As set forth below, Defendants have served an offer of judgment upon Plaintiff for the full amount she could recover under the FLSA, including attorneys' fees and costs, thereby causing her to lack standing to serve as an FLSA class representative. As a result, she lacks a stake in the outcome on that claim, resulting in the denial of Plaintiff's motion to conditionally certify an FLSA class. See Point I, infra.

Even if Plaintiff had the right to proceed to seek conditional class certification, it nevertheless must be denied because it is based upon a single, flimsy affidavit from Plaintiff which fails to demonstrate that Plaintiff and the proposed conditional class are similarly situated. Moreover, to the extent any class is certified, it must be limited to those few employees who worked at the same location as Plaintiff. See Point II, infra.

## COUNTER-STATEMENT OF FACTS

**A.     The Offer of Judgment**

Plaintiff submitted one affidavit in support of her motion for conditional class certification under the FLSA (the "Plaintiff Aff."). In it she states that she was employed as a laundress. See Plaintiff Aff., ¶5. She claims to have been employed by Defendants from June 2013 to July 27, 2014. See Plaintiff Affidavit, ¶3. In fact, she was employed only from July 22, 2013 to July 21, 2014. See Affidavit of Defendant Jae Kim ("Kim Aff."), submitted herewith.

Plaintiff also claims to have worked at two locations, 110 W. 145th Street and 824 St. Nicholas Avenue, in New York City. See Plaintiff Aff., ¶4. In fact, she worked at the first location and was only on that store's payroll. See Kim Aff., ¶2.

Plaintiff admits in her Affidavit that she only worked forty (40) hours during certain weeks of her employment and other weeks she claims to have worked seven (7) days and for a total of fifty-six (56) hours. See Plaintiff Aff., ¶6. Plaintiff does not allege the number of weeks she worked any overtime. Plaintiff Aff., ¶¶ 6 and 8.

Plaintiff was scheduled to work only forty (40) hours each week that she was employed. To the extent Plaintiff worked any overtime it was rare because the location where Plaintiff worked had ample employees who were able to cover all 168 hours per week that the store was open (24 hours/day x 7 days = 168 hours). See Kim Aff., ¶4. That store employed four full-time employees, Plaintiff, Francisca, Carmela and Maria, each who worked forty (40) hours per week by themselves, for a total of 160 hours, and one other employee, Mari, who worked eight hours, for a total of 168 hours. Id.

Plaintiff also admits that, for any overtime hours that she may have worked, Defendants paid her straight time. As confirmed by the Complaint and Plaintiff's Affidavit, she is only claiming entitlement to the overtime premium for the overtime hours. In other words, Plaintiff claims she is owed half-time for any hours over forty (40) in a given workweek. See Plaintiff Aff., ¶¶ 8 and 12.

It is possible that, if another employee at the location Plaintiff worked needed to take the day off because of illness, the employee would ask Plaintiff or another employee to fill-in for her. If that occurred, GLI wouldn't know about it. The employee who had been out sick and the

2

employee who filled-in for her would divide their pay accordingly without GLI's knowledge. See Kim Aff., ¶5.

Plaintiff states she was paid $7.25 per hour from her hire date until January 2014 and $8 per hour thereafter. See Plaintiff Aff., ¶7. Therefore, if we assume that Plaintiff worked seven (7) days per week for as much as half the time she was employed, which is far more overtime than she ever would have worked, even at $8/hour Plaintiff would only be due $1,664 ($4/hour x 26 weeks x 16 hours per week of overtime = $1,664). Assuming entitlement to liquidated damages, which Defendants deny, Plaintiff's maximum claim would equal $3,328. See Kim Aff., ¶6.

On or about February 2, 2015, an offer of judgment was served upon Plaintiff's counsel, offering to enter judgment against Defendants for $6,000, inclusive of reasonable attorneys' fees and costs. See Kim Aff., ¶7. Previous to sending the offer of judgment, defense counsel sent an e-mail offering to settle the lawsuit for $6,000. See Kim Aff., ¶8. Plaintiff, or at least Plaintiff's counsel, rejected the offer and demanded almost ten (10) times the maximum compensatory damage award Plaintiff possibly could recover to settle all of Plaintiff's claims. Id.

B.  **Denial of Conditional Class Certification**

In support of Plaintiff's motion for conditional class certification, Plaintiff submitted just her affidavit. While Plaintiff seeks conditional class certification for employees at three different locations, the affidavit makes clear that she never worked at one of those sites. See Plaintiff Aff., ¶¶4, 9 and 10. In fact, she only worked at one site, not two as she alleged. See Kim Aff., ¶2. Moreover, Plaintiff acknowledges that she only witnessed the hours of those employees who worked at 110 W. 145th Street. See Plaintiff Aff., ¶9. She further alleges that there were only two other employees, Francisca and Carmela, who worked at that location who may have worked

3

any overtime hours. The other two employees, Maria Luisa and Mari, didn't work any overtime. Id.

At the other location Plaintiff claims to have worked, 824 St. Nicholas Avenue, Plaintiff alleges that three laundresses worked there approximately forty (40) hours per week and claims that they also worked one day per week at 143 Hamilton Place. See Plaintiff Aff., ¶9. However, Plaintiff does not have any basis to know how many hours per week these employees actually worked because Plaintiff admits never having worked at 143 Hamilton Place. See Plaintiff Aff., ¶10. In fact, even as to the employees who Plaintiff alleges worked at 143 Hamilton Place, she acknowledges that those employees only worked up to forty (40) hours per week. See Plaintiff Aff., ¶11.

Accordingly, based upon Plaintiff's speculation, in addition to the other two employees at 110 W. 145th Street, there may have been three laundresses who worked a few hours per week overtime, but she has no direct knowledge to confirm their hours. In short, while Plaintiff claims her motives are pure and that she has filed this suit to help other employees receive lawful wages owed to them, in fact, she has sought conditional class certification as a way to extract a settlement far in excess of whatever amount could possibly be owed to her.

4

I. **THE OFFER OF JUDGMENT FAR IN EXCESS OF WHAT PLAINTIFF COULD EVER RECOVER UNDER THE FLSA DISQUALIFIES PLAINTIFF AS A CLASS REPRESENTATIVE**

Plaintiff has filed a motion to certify a conditional class under the FLSA. That motion, however, must be denied because Plaintiff was served with an offer of judgment far in excess of whatever she could hope to recover on her overtime claim, thus causing her to lack standing to be a class representative. Her FMLA claim is now moot and the court lacks subject matter jurisdiction.

In Genesis Healthcare Corp. v. Symczyk, 569 U.S. ___, 133 S.Ct 1523 (2013), the Supreme Court held that once an FLSA plaintiff's individual case became moot by virtue of a rejected offer of judgment, she had no other interest in the case and could not continue it on class grounds. While other cases have held that an offer of judgment after a class has been certified does not moot the claim, that is because a Rule 23 class acquires an independent legal status separate from the named plaintiff once the Court certifies the class. See Sosna v. Iowa, 419 U.S. 393 (1975). However, as made clear by the Supreme Court in Genesis Healthcare, under the FLSA procedure, a "conditional certification" does not lend independent legal status. Id. at 1530-32. Here, the case has not even gotten to that point. As a result, the Court should dismiss the action for lack of subject matter jurisdiction.

The law is now clear that, in the context of FLSA collective actions where Defendants have offered the maximum recovery sought by, or available to, Plaintiff, an offer of judgment for a Plaintiff's full damages, even if rejected, renders the case moot and subject to dismissal. See Darboe v. Goodwill Industries of Greater NY and Northern NJ, Inc., 485 F.Supp. 2D 221, 223-24 (E.D.N.Y. 2007); Ward v. Bank of N.Y., 455 F.Supp. 2d 262, 267 (S.D.N.Y. 2006); Briggs v.

Arthur T. Mott Real Estate LLC, 2006 U.S. Dist. LEXIS 8289 at *11-12 (E.D.N.Y. Nov. 14, 2006); McCauley v. Trans Union, LLC, 402 F.3d 340, 342 (2d Cir. 2005).[1]

Where, as here, defendants offered plaintiff all of the relief under the FLSA, her personal stake in the litigation is vitiated, and the issues are no longer considered live. Fox v. Bd. of Trustees of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994); Simon v. Doe, 463 F.Supp. 2d 466, 469 (S.D.N.Y. 2006). In these circumstances, subject matter jurisdiction no longer exists and the case is subject to dismissal, since "there is no justification for taking the time of the court and the defendant in pursuit of minuscule individual claims which defendant has more than satisfied." Abrams v. Interco, Inc. 719 F.2d 23, 32 (2d Cir. 1983); see also Cent. States Se. & Sw. Areas Health and Welfare Fund v. Merck, 433 F.3d 181, 197-198 (2d Cir. 2005); Fox, 42 F.3d 135 at 140.

For all of the foregoing reasons, the Court should enter judgment for Plaintiff in the amount of $6,000 and dismiss the suit as moot.

---

[1] In this Circuit, even an offer of judgment conveyed orally in court renders a case moot. Doyle v. Midland Credit Management, Inc., 722 F.3d 78, 2013 WL 3242148 (2d Cir. 2013).

## II. THE COURT SHOULD OTHERWISE DENY CONDITIONAL CLASS CERTIFICATION

As set forth above, the offer of judgment served upon Plaintiff moots the FLSA. See Point I, supra. Moreover, even if the claim could proceed, Plaintiff is not entitled to conditional class certification based upon her flimsy affidavit lacking personal knowledge.

The Second Circuit has endorsed a two-step approach in determining whether a case should be certified as a collective action under §216(b) of the FLSA. Myers v. Hertz Corp., 624 F.3d 537, 534-55 (2d Cir. 2010). The two-step process requires analysis of whether putative plaintiffs are "similarly situated" at the early "notice stage" and then again after discovery is complete. Bifulco v. Mort. Zone, Inc., 262 F.R.D. 209, 212 (E.D.N.Y. 2009). Defendants concede that a "relatively lenient evidentiary standard" is utilized at the notice stage. Mentor v. Imperial Parking Sys., Inc., 246 F.R.D. 178, 181 (S.D.N.Y. 2007). During this first stage "the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Cunningham v. Elec. Data Sys. Corp., 754 F.Supp. 2d 638, 644 (S.D.N.Y. 2010). Rather, "the Court examines the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated." Palman v. CVS Caremark Corp., 2011 U.S. Dist. LEXIS 102338 at *2-*3 (E.D.N.Y. Sept. 12, 2010).

While the standard is relatively lenient, it is not automatic. In fact, many courts have denied conditional certification of an FLSA class. The burden of proof is not non-existent and the factual showing, even if modest, must still be based on some substance. Guillen v. Marshalls of MA, Inc., 750 F.Supp. 2d 469, 480 (S.D.N.Y. 2010). Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (Plaintiffs bear burden to show that requested certification is appropriate). Thus, the modest factual showing cannot be satisfied by unsupported assertions. Myers v. Hertz Corp., supra., 624 F.3d at 555. An affidavit that is not based on personal

7

knowledge does not set out facts that would be admissible in evidence. N.Y. v. St. Frances Hosp., 94 F.Supp. 2d 423, 235 (S.D.N.Y. 2000).

Here, Plaintiff submitted just her own affidavit in support of her motion for conditional class certification seeking to cover three different locations owned by three different corporations, yet, even according to her affidavit, she never worked at one of the stores and has no knowledge of their hours. In fact, as to that store, at 143 Hamilton Place, she admits that the two laundresses who worked there worked approximately up to forty (40) hours per week there. See Plaintiff Aff., ¶11. As to 824 St. Nicholas Avenue, Plaintiff only approximates how many hours she believes people worked at that store and doesn't allege she ever worked with Fany, Rocio, Caty or Odalis, people she could only identify by their first names. If, in fact, any of these employees worked overtime, one would have expected at least one additional affidavit aside from Plaintiff's. Plaintiff's statement, that she knew Caty's schedule "because of discussions that I had with Caty", see Plaintiff Aff., ¶10, is nothing more than rank hearsay, just like her comment that "I know that the Defendants did not pay overtime premium (sic) because I discussed this with other laundresses, including Francesca, Carmela and Kathy, and they told me that they were also not paid overtime premium." See Plaintiff Aff., ¶12. Finally, even as to the store where she worked, Plaintiff cannot demonstrate a basis for class certification because, to the extent her allegation of working overtime is true, the remaining employees would have worked under forty (40) hours that week since the store only had one employee work at a time and an increase of Plaintiff's hours would have caused another full-time employee's hours to drop below forty (40).

In Sanchez v. JMP Ventures, LLC, 2014 WL 465542 *1 (S.D.N.Y. January 27, 2014), the Court denied conditional class certification in an FLSA case noting, that although the bar for

8

conditional certification is low, "it is not this low". The Court explained that "[t]he notice and opt-in process outlined by the FLSA is not a discovery device to determine whether conditional class certification is appropriate. More is required under the law, even at the first stage of the conditional class certification process." Id. at *2. There, Plaintiff sought conditional certification of all tipped employees employed within the past three years at defendants' three restaurants. The District Court concluded that the factual record, limited to Plaintiff's affidavit, was insufficient to support an inference that a common policy or plan that violated the law existed with respect to the variety of potential opt-in plaintiffs. Moreover, plaintiff worked solely at two of the restaurants for a total of approximately seven months. Like here, plaintiff in Sanchez based his allegations on observations and conversations with the employees whom he listed by first names only. Furthermore, like here, Plaintiff did not provide any detail as to a single such observation or conversation including where and when these took place. The Court noted that Plaintiff's personal observations alone would only appear to cover a few months at only two of the stores of the three-year period for which he sought conditional certification.

All of the observations of the Court in Sanchez apply equally well here. Putting aside that any of the alleged conversations are hearsay, Plaintiff does not provide any of the "where and when" concerning the conversations she allegedly had with other employees and doesn't identify any of them by last name. Similarly, she only worked at one of the stores and her employment lasted only about twelve months. She, therefore, has not provided the Court with any evidence from which it can be inferred that there was a common policy at the three stores that violated the FLSA. Barfield v. N.Y.C. Health & Hosps. Corp., 867 2005 WL 3098730 *1, *1 (S.D.N.Y. Nov. 18, 2005) (denying class certification as "plaintiff presents nothing but limited anecdotal hearsay to suggest that there is a widespread practice").

At best, any conditional class certification should be limited to the store where Plaintiff worked and for the time period of her employment. Villaneuva-Bazaldua v. TruGreen Ltd. Partners, 479 F.Supp. 2d 411, 415-16 (D. Del 2007) (refusing to certify larger class where plaintiff failed to show that his experience at one office was attributable to employer elsewhere despite his claim that he had relevant conversations with non-local workers); England v. New Century Fin. Corp., 370 F.Supp. 2d 504, 511 (M.D. La. 2005) (denying broader certification where plaintiff only submitted affidavits relating to one location); McGlone v. Contract Callers, 867 F.Supp. 2d 438 (S.D.N.Y. 2012) (denying broader certification than just his district where Plaintiff failed to demonstrate personal knowledge of company's policies elsewhere); Camper v. Home Quality Mgmt., Inc., 200 F.R.D. 516, 520-21 (D.Md. 2000) (Court limited notice to one facility); Laroque v. Domino's Pizza, LLC, 557 F.Supp. 2d 346, 355-56 (E.D.N.Y. 2008) (certifying class for one location where only evidence that other employees were similarly situated was one employee's affidavit regarding his experience at another store).

In short, class certification should be denied based upon the flimsy, hearsay-ridden affidavit submitted by Plaintiff. Even as to the store where she worked, any overtime by her would cause everyone else's hours to drop below forty (40) in that same week. Finally, if any conditional class is certified, it should be limited to employees who worked at 110 W. 145th Street and only for the period of Plaintiff's employment.[2]

---

[2] In the unlikely event this Court grants conditional class certification at all, Defendants want the opportunity to comment on the form of notice Plaintiff submitted which is one-sided and, in fact, false. It indicates that those people who can opt-in are those who were employed after August 26, 2014, at time when Plaintiff no longer worked for Defendant. See proposed Notice, p. 2.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs motion for conditional certification of an FLSA class should be denied. Defendants' cross-motion, seeking entry of a judgment against Defendants for $6,000 should be granted and the Court should dismiss the suit based upon lack of subject matter jurisdiction.

> Respectfully submitted,
>
> MANDELBAUM SALSBURG, P.C.
> Attorneys for Defendants
>
> By:  /s/Lance N. Olitt
>       Lance N. Olitt (LO-6193)

DATED: February 2, 2015