MANDELBAUM SALSBURG, P.C.
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
(973) 736-4600
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOCORRO MAXIMO, individually and on behalf of all other persons similarly situated,<br><br>       Plaintiff,<br>v.<br><br>140 GREEN LAUNDROMAT, INC., 824 GREEN LAUNDROMAT, INC., GREEN LAUNDROMAT, INC. and JAE J. KIM, jointly and severally,<br><br>       Defendants. | Case No. 14-cv-6948<br><br>AFFIDAVIT OF DEFENDANT JAE KIM IN SUPPORT OF CROSS-MOTION TO DISMISS COMPLAINT |

Defendant Jae Kim ("Kim"), of full age, upon his oath deposes and says:

1. I am a Defendant in the above-captioned matter and the owner of the corporate Defendants. I submit this Affidavit in support of Defendants' cross-motion to dismiss the Complaint.

2. Plaintiff Maximo Socorro ("Plaintiff") was employed by Defendant Green Laundromat, Inc. ("GLI") and worked only at only 110 W. 145th Street in New York City. Plaintiff was only on that store's payroll.

3. Plaintiff worked at location from July 22, 2013 to July 21, 2014.

4. Plaintiff was scheduled to work only forty (40) hours each week that she was employed. To the extent she worked any overtime, it was rare because the location where Plaintiff worked had ample employees who were able to cover all 168 hours per week that the

665685

store was open (24 hours/day x 7 days = 168 hours). That store employed four full-time employees, Plaintiff, Francesca, Carmella and Maria, each who worked alone for forty (40) hours per week for a total of 160 hours, and one other employee, Mari, who worked by herself for eight hours, for a total of 168 hours. Moreover, based upon the number of employees we had at this store, if Plaintiff worked any overtime the other employees would have worked under forty (40) hours that week.

5. It is possible that, if another employee at the location Plaintiff worked needed to take the day off because of illness, the employee would ask Plaintiff or another employee to fill-in for her. If that occurred, the company would not know about it. The employee who had been out sick and the employee who filled-in for her would divide their pay accordingly without our knowledge.

6. If we assume that Plaintiff worked seven days per week for as much as half the time she was employed, which is far more overtime than she ever would have worked, even at $8/hour Plaintiff would only be due $1,664 (the overtime premium of $4/hour x 26 weeks x 16 hours per week = $1,664). Assuming entitlement to liquidated damages, which Defendants deny, Plaintiff's maximum overtime claim would equal $3,328.

7. On or about February 2, 2015, an offer of judgment was served upon Plaintiff's counsel, offering to enter judgment against Defendants for $6,000, inclusive of reasonable attorneys' fees and costs. A copy of that offer of judgment is annexed hereto as Exhibit "A".

8. Previous to sending the offer of judgment, defense counsel sent an e-mail to Plaintiff's attorney offering to settle the lawsuit for $6,000. See Exhibit "B" annexed hereto. Plaintiff, or at least her attorney, rejected the offer and demanded almost ten (10) times the maximum compensatory damage award Plaintiff possibly could recover to settle all of her claims.



Jae Kim

# EXHIBIT A

**MANDELBAUM, SALSBURG, P.C.**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
(973) 736-4600
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOCORRO MAXIMO, individually and on behalf of all other persons similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>140 GREEN LAUNDROMAT, INC., 824 GREEN LAUNDROMAT, INC., GREEN LAUNDROMAT, INC. and JAE J. KIM, jointly and severally,<br><br>                Defendants. | Case No. 14-cv-6948 (KPF)<br><br>**OFFER OF JUDGMENT** |

TO:    John M. Gurrieri, Esq.
          Law Office of Justin A. Zeller, P.C.
          277 Broadway, Suite 408
          New York, New York 10007-2036

      Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendants 140 Green Laundromat, Inc. ("140 GL"), 824 Green Laundromat, Inc. ("824GL"), Green Laundromat, Inc. ("GLI") and Jae Kim ("Kim") (collectively "Defendants") hereby offer to allow judgment to be entered in this action against them, collectively, and in favor of plaintiff Socorro Maximo ("Plaintiff") in the total amount of $6,000.00, representing all compensatory and liquidated damages, and inclusive of all reasonable attorneys' fees, litigation expenses and costs of suit incurred by Plaintiff herein.

      This offer of judgment is made for the purposes specified in Federal Rule of Civil Procedure 68, and shall not to be construed as either an admission that Defendants are liable in

665758

this action, or that Plaintiff has suffered any damage or incurred any expenses. This offer of judgment is intended to resolve all of Plaintiff's claims in this action including, without limitation, any and all claims for compensatory damages, liquidated damages, attorneys' fees, litigation expenses and costs of suit. This offer of judgment shall not be filed with the Court unless (a) accepted or (b) in a proceeding to determine the reasonableness hereof.

                                        Respectfully submitted,

                                        MANDELBAUM SALSBURG, P.C.
                                        Attorneys for Defendants

                                        By: /s/Lance N. Olitt, Esq.
                                                 Lance N. Olitt (LO-6193)

DATED: February 2, 2015

# EXHIBIT B

# Steven Adler

**From:** Steven Adler
**Sent:** Thursday, January 22, 2015 10:59 AM
**To:** jmgurrieri@zellerlegal.com
**Subject:** Maximo v. 140 Green Laundromat

FOR SETTLEMENT PURPOSES ONLY

John:

Just to confirm our settlement discussions, my client authorized us to make a firm proposal to resolve this matter before we all start to spend a lot of money litigating. Even if we assume your client worked overtime 26 weeks out of the approximately one year period she worked for our client, and that she worked 7 days per week for those weeks, she would be owed $4/hr times 16 hrs= $64/week times 26 weeks=$1664. With liquidated damages, her claim would be for $3328. Again, we believe this is grossly overstated in that she didn't work nearly that much overtime. However, to get the matter resolved, including counsel fees, we offered $6k. Please get back to me promptly or we will need to put our opposition papers together. Thanks

STEVEN I. ADLER, Shareholder
**Mandelbaum Salsburg**
3 Becker Farm Rd., Suite 105, Roseland, NJ 07068
t. (973) 736.4600 x142  |  f. (973) 325.7467
sadler@lawfirm.ms   Bio
www.lawfirm.ms

1