UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

SOCORRO MAXIMO, *individually and on behalf of all other persons similarly situated*,

                                    Plaintiff,

                    v.

140 GREEN LAUNDROMAT, *et al.*,

                                    Defendants.

-----------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: July 7, 2015____

14 Civ. 6948 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

    Plaintiff Socorro Maximo brings this action, individually and on behalf of those similarly situated, against 140 Green Laundromat, Inc., 824 Green Laundromat, Inc., Green Laundromat, Inc., and Jae J. Kim (collectively, "Defendants"). Plaintiff alleges violations of provisions of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219, and the New York Labor Law (the "NYLL") concerning unpaid or underpaid overtime compensation and various notice requirements. Pending before the Court are Plaintiff's motion to conditionally certify a collective action under FLSA, Defendants' motion to dismiss this case as moot, and Defendants' motion for entry of judgment. Consideration of the instant motions raises the hot-button issue of the effect of making an offer of judgment pursuant to Federal Rule of Civil Procedure 68 to a named plaintiff in a collective action. For the reasons that follow,

Defendants' motion for entry of judgment is granted, and all other motions are denied.

## BACKGROUND[1]

Plaintiff was employed as a laundress by Defendants for approximately one year.  (Compl. ¶¶ 21, 23; Kim Aff. ¶ 3; Pl. Opp. ¶ 3).  During this time, Plaintiff alleges, some weeks she worked five days a week, for 40 hours total, and other weeks she worked seven days a week, for 56 hours total.  (Compl. ¶ 24).  She claims she was paid approximately $7.25 per hour until January 2014; thereafter she was paid $8.00 per hour, always in cash.  (*Id.* at ¶¶ 25-26).  Plaintiff asserts that in the weeks she worked overtime, she was never paid overtime compensation.  (*Id.* at ¶ 27).

Plaintiff alleges that there are other laundresses who also sometimes worked overtime for Defendants; based on conversations with these individuals, she claims these other laundresses were also not paid overtime compensation.  (Maximo Aff. ¶¶ 9-12).  In her affidavit in support of her motion for conditional certification, Plaintiff identifies only the first names of ten of these laundresses, while suggesting there may be other, unnamed individuals also similarly situated.  (*Id.*).  No one other than Plaintiff has opted in to the collective action as of the date of this Opinion.  No putative collective action

---

[1]      The facts set forth here are drawn primarily from the Complaint (Dkt. #1) ("Compl."), and from various affidavits submitted by the parties and their attorneys in support of their various motions ("[Name] Aff.").  For convenience, Plaintiff's opening brief shall be referred to as "Pl. Br."; Defendants' opposition and cross-motion as "Def. Opp."; Plaintiff's reply as "Pl. Reply"; Plaintiff's affirmation in opposition to Defendants' cross-motion as "Pl. Opp."; and Defendants' reply affirmation as "Def. Reply."

member other than Plaintiff has submitted an affidavit in support of the motion for conditional certification.  In addition to the unpaid overtime allegations, Plaintiff further claims that Defendants failed to provide or post required notices or statements under state law, and failed to maintain accurate and sufficient records.  (*See* Compl. ¶¶ 28-31).

Plaintiff filed the Complaint in this action on August 26, 2014.  (*See* Dkt. #1).  Defendants failed to answer in time, and certificates of default were entered on October 29, 2014.  (Dkt. #12-15).  On November 4, 2014, at the request of Defendants and on consent of Plaintiff, the Court vacated the certificates (Dkt. #17), and on November 12, 2014, Defendants answered the Complaint (Dkt. #19).  On December 17, 2014, the Court set a discovery schedule and a briefing schedule for Plaintiff's proposed motion for conditional collective action certification.  (Dkt. #21).  On January 9, 2015, Plaintiff filed her motion for conditional collective action certification.  (Dkt. #22-24).

On January 22, 2015, Defendants' counsel made a firm settlement proposal in writing to Plaintiff's counsel of $6,000.00, inclusive of costs and attorney's fees.  (Kim Aff. Ex. B).  In that offer, Defendants set forth what they characterized as a "grossly overstated" estimate of the overtime due to Plaintiff. (*Id.*).[2]  Specifically, they estimated that if Plaintiff worked seven days per week for eight hours each day for half of the yearlong period in which she worked for Defendants (i.e., for 26 weeks) at an $8.00 per hour salary, then she was owed

---

[2]   Defendants did not believe that Plaintiff had worked this much overtime, and used her hourly salary after she obtained her raise in January 2014 to calculate overtime for the entire yearlong period.  (*See* Kim Aff. Ex. B).

$1,664.00 in overtime pay.  (*Id.*).[3]  The $6,000.00 figure was intended to cover liquidated damages under federal and state law, in addition to costs and attorney's fees.  (*Id.*).  Plaintiff's counsel did not accept this settlement offer. (*Id.* at ¶ 8; *see generally* Pl. Opp.).  On February 2, 2015, the same day they filed their cross-motion to dismiss and for entry of judgment (Dkt. #28-31), Defendants made the same $6,000.00 offer in the form of a Rule 68 offer of judgment (rather than as a settlement offer, as before), again inclusive of costs and attorney's fees (Kim Aff. Ex. A).  Plaintiff did not accept this offer of judgment before it expired under Rule 68.

On February 13, 2015, Plaintiff filed a reply memorandum in support of her motion for conditional certification.  (Dkt. #32).  On February 17, 2015, she filed an affirmation in opposition to Defendants' motion to dismiss and for entry of judgment. (Dkt. #33).  In that opposition, Plaintiff stipulated that she was due $1,664.00 in overtime pay, but argued that Defendants had largely underestimated the amount she was entitled to under state law.  (Pl. Opp. ¶¶ 3-11).  On February 26, 2015, Defendants filed a reply affirmation in support of their cross-motion to dismiss and for entry of judgment.  (Dkt. #34).[4]  In reaction to Plaintiff's stipulation that she was owed $1,664.00 in

---

[3]    Defendants came to this figure by noting that under a law she would be owed an additional $4.00 per hour for each of the 16 hours of overtime she worked each week, or $64.00 per week.  Multiplied by 26 weeks, this comes to $1,664.00.  (Kim Aff. Ex. B).

[4]    The next day, on February 27, 2015, Plaintiff filed a motion to strike Defendants' February 26 affirmation as untimely by two days.  (Dkt. #35-36).  Defendants opposed, seeking an extension *nunc pro tunc*, on March 2, 2015.  (Dkt. #37).  The Court finds Plaintiff's arguments that a two-day delay caused her prejudice unconvincing.  Though the reasons that Defendants set forth for their lateness — that the parties were discussing potential settlement and that Defendants' counsel was out of the office — are not compelling, they are sufficient to justify the minor delay at issue here.  Accordingly,

overtime pay, Defendants requested that if the Court did not dismiss the action as moot, that it enter judgment against them on Plaintiff's FLSA claims for $3,328.00 and decline supplemental jurisdiction over Plaintiff's remaining state-law claims.  (Def. Reply ¶ 6).

## DISCUSSION

### A.    Applicable Law

In the collective action and class action contexts, the Courts of Appeals are divided as to whether an offer of judgment under Rule 68 for complete relief moots a named plaintiff's claim, and as to the related issue of whether such a plaintiff can continue to litigate on behalf of the putative class.[5]  Following the law in this Circuit, however, the way forward in this case is clear: this Court should exercise its discretion to enter judgment against Defendants, thus disposing of the federal claim.

Rule 68 of the Federal Rules of Civil Procedure allows a defendant to make an offer of judgment to a plaintiff.  Fed. R. Civ. P. 68.  The offer "need not

---

and despite the Court's distaste for eleventh- (or, worse yet, thirteenth-) hour extension requests, Plaintiff's motion is denied and Defendants' application for an extension is granted.  Defendants' reply affirmation shall be deemed timely as filed.

[5]    *See*, *e.g.*, *Gomez* v. *Campbell-Ewald Co.*, 768 F.3d 871, 874-75 (9th Cir. 2014) (concluding that neither individual claims nor class action claims are rendered moot by an unaccepted Rule 68 offer), *cert. granted*, 135 S. Ct. 2311 (2015); *Stein* v. *Buccaneers Ltd. P'ship*, 772 F.3d 698, 704-09 (11th Cir. 2014) (same); *Warren* v. *Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012) ("When a Rule 68 offer unequivocally offers a plaintiff all of the relief she sought to obtain, the offer renders the plaintiff's action moot." (internal quotation marks and citation omitted)); *O'Brien* v. *Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 574 (6th Cir. 2009) ("We agree with the Seventh Circuit's view that an offer of judgment that satisfies a plaintiff's entire demand moots the case[.]" (citing *Greisz* v. *Household Bank (Ill.), N.A.*, 176 F.3d 1012 (7th Cir. 1999))); *see generally Civil Procedure – Rule 68 of the Federal Rules of Civil Procedure – Ninth Circuit Holds that Unaccepted Rule 68 Offer Does Not Moot Plaintiff's Individual Claim – Diaz v. First American Home Buyers Protection Corp.*, 127 Harv. L. Rev. 1260 (2014).

comply with Rule 68" in order to be effective. *Doyle* v. *Midland Credit Mgmt., Inc.*, 722 F.3d 78, 79, 81 (2d Cir. 2013) (per curiam) (finding oral offer of judgment made during motion hearing before district court sufficient).  It must, however, be an offer of judgment, not simply an offer of settlement.  *Cabala* v. *Crowley*, 736 F.3d 226, 228-29 (2d Cir. 2013) (per curiam).[6]

If the offer tenders less than complete relief, the plaintiff is free to accept or not.  If such an offer is accepted, the court must enter judgment accordingly and terminate the case; if such an offer is not accepted, the case proceeds as usual.  *Hepler* v. *Abercrombie & Fitch Co.*, No. 14-4113-cv, — F. App'x —, 2015 WL 3823883, at *1 (2d Cir. June 22, 2015) (summary order) (citing *Tanasi* v. *New Alliance Bank*, 786 F.3d 195, 200-01 (2d Cir. 2015)).

"If the offer tenders complete relief, the court should (absent additional procedural complications) enter judgment pursuant to the terms of that offer, with or without the plaintiff's consent."  *Hepler*, — F. App'x —, 2015 WL 3823883, at *1; *accord Tanasi*, 786 F.3d at 200-01; *Cabala*, 736 F.3d at 228; *McCauley* v. *Trans Union, L.L.C.*, 402 F.3d 340, 341-42 (2d Cir. 2005).  At bottom, a defendant offering judgment for complete relief is submitting to the entry of a default judgment.  *Hepler*, — F. App'x —, 2015 WL 3823883, at *1 (citing *Abrams* v. *Interco Inc.*, 719 F.2d 23, 32 (2d Cir. 1983) (Friendly, J.)). "Just as a defendant may end the litigation by allowing default judgment, a

---

[6]      Under certain circumstances, an unaccepted offer may shift costs to the offeree.  *See* Fed. R. Civ. P. 68(d).

defendant may always end the litigation by offering judgment for all the relief that is sought." *Id.*; *accord McCauley*, 402 F.3d at 342.

## B.  Analysis

The FLSA mandates that employers pay time-and-a-half per hour when employees work more than 40 hours per week.  29 U.S.C. § 207(a).  Here, Plaintiff claims that, in the approximately 52 weeks that she worked for Defendants, during many weeks she logged 56, and not 40, hours, at an hourly rate of $7.25 to $8.00.  In hopes of resolving this matter, Defendants have made an offer of judgment based on Plaintiff having worked 56 hours for 26 weeks of her 52-week tenure, at a rate of $8.00 per hour and $12.00 per hour overtime.  Pursuant to Defendants' calculations, Plaintiff is owed $1,664.00 in overtime pay.  Plaintiff stipulated for the purposes of the instant motions that this amount is correct, meaning the parties are in agreement as to the amount of overtime owed.  The FLSA provides for 100% liquidated damages, 29 U.S.C. § 216(b); accordingly, Defendants have made an offer of judgment of $3,328.00, double the amount of overtime due to Plaintiff.[7]

Given that Plaintiff has stipulated that the $1,664.00 figure is correct, this is a complete offer of relief under the FLSA.  Defendants have asked that judgment be entered against them in this amount.[8]  Because the parties agree

---

[7]    The fact that this offer was made for the first time in Defendants' reply is of no moment where Plaintiff stipulated for the first time to the monetary amount in her opposition to Defendants' motion to dismiss.

[8]    In the alternative, Defendants request that the Court find that their prior unaccepted offer of judgment of $6,000.00 renders this entire action moot, and dismiss the case for lack of subject matter jurisdiction.  However, following *Tanasi*, the law in this Circuit is clear: "a rejected settlement offer under Rule 68, by itself, cannot render moot a case." 786 F.3d at 200 (internal quotation marks and alterations omitted).  If the parties

on the amount owed to Plaintiff, and because no other putative collective plaintiffs have opted into this action, there are no "additional procedural complications," *Hepler*, — F. App'x —, 2015 WL 3823883, at *1, that prevent the entry of judgment on Plaintiff's FLSA claim.  Accordingly, this Court "should … enter judgment pursuant to the terms of that offer, with or without the plaintiff's consent."  *Id.*; *cf. Gonyer* v. *Vane Line Bunkering, Inc.*, 32 F. Supp. 3d 514, 517 (S.D.N.Y. 2014) ("[E]ven an accepted offer of judgment does not terminate a case unless it satisfies all damages for all plaintiffs. … Thus, courts refuse to allow Rule 68 offers of judgment to moot actions where additional plaintiffs have opted in to the FLSA collective action, but have not been made offers of judgment by defendant." (internal quotation marks, alterations, and citations omitted)).

Having entered judgment on Plaintiff's federal FLSA claims, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.  *See Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan* v. *Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir.

---

agreed that the $6,000.00 figure covered all of Plaintiff's claims, inclusive (by the terms of the offer) of federal and state claims, attorney's fees, and costs, then the Court might be empowered to enter judgment in that amount.  *See id.*  But in no case does an offer of judgment alone moot anything, "since an offer cannot bind the defendant to provide relief."  *Hepler*, — F. App'x —, 2015 WL 3823883, at *1 (citing *Tanasi*, 786 F.3d at 200; *McCauley*, 402 F.3d at 342).  Indeed, in *Hepler*, the Second Circuit vacated and remanded where the district court had done precisely what Defendants seek to have this Court do here: it had dismissed the case for lack of subject matter jurisdiction based on defendant's unaccepted offer of judgment to plaintiffs.  *Id.*  Moreover, unlike with the $3,328.00 figure in relation to Plaintiff's FLSA claims, there are clear factual and legal disputes as to whether the $6,000.00 figure actually covers all of Plaintiff's claims, including attorney's fees and costs.  Accordingly, Defendants' motion to dismiss is denied.

2013) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." (citation and quotation marks omitted)); *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) ("[W]hen the federal claims are dismissed the 'state claims should be dismissed as well.'" (quoting *United Mine Workers of Am.* v. *Gibbs*, 383 U.S. 715, 726 (1966))).  This case is not yet at an advanced stage, and New York state courts are in a better position than this Court to determine any remaining relief to which Plaintiff may be entitled under the NYLL.

Finally, unlike their first offer of judgment, Defendants' offer of judgment of $3,328.00 does not include attorney's fees and costs.  As a prevailing party under the FLSA, Plaintiff is entitled to same.  *See* 29 U.S.C. § 216(b) ("Any employer who violates the [FLSA] shall be liable to the employee or employees affected. ... The court in such action shall ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").  Accordingly, Plaintiff shall be permitted to put in an application for fees and costs related only to her FLSA claim.  *See Black* v. *Nunwood, Inc.*, No. 13 Civ. 7207 (GHW), 2015 WL 1958917, at *2-4 (S.D.N.Y. Apr. 30, 2015) (permitting plaintiff to submit application for attorney's fees after having accepted a Rule 68 offer of judgment in satisfaction of, *inter alia*, FLSA claims that did not include such fees by its terms).

9

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to conditionally certify a collective action is DENIED as moot; Plaintiff's motion to strike Defendants' reply affirmation is DENIED; Defendants' motion to dismiss is DENIED; and Defendants' motion for entry of judgment on Plaintiff's FLSA claim is GRANTED.  All of Plaintiff's state-law claims are DISMISSED, without prejudice to refiling in state court.  Plaintiff may submit an application for attorney's fees and costs related to her FLSA claim on or before **July 28, 2015**; Defendants shall submit any opposition on or before **August 18, 2015**; and Plaintiff shall submit a reply, if any, on or before **August 28, 2015**.  Once the Court has determined the appropriate amount of attorney's fees and costs to be awarded in addition to the $3,328.00 judgment, the Court will enter judgment against Defendants in the total amount.  The Clerk of Court is directed to terminate the motions pending at docket entries 22, 28, and 35.

      SO ORDERED.

Dated:     July 7, 2015
           New York, New York

_____
      KATHERINE POLK FAILLA
      United States District Judge